# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>vs.<br><br><br>ROBLES CARLOS JAVIER,<br><br>                                    Defendant. | Criminal Case No. 3:11cr2486-MMA<br><br>[Related Civil Case No. 3:11cv1736-MMA]<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE UNDER 28 U.S.C. § 2255**<br><br>[Doc. No. 21] |

Robles Carlos Javier ("Petitioner") moves this Court to reduce his time in federal custody pursuant to 28 U.S.C. § 2255, arguing that (1) his imprisonment time is harsher as a non-citizen in violation of his constitutional rights, and (2) a 1995 United States Attorney General Memorandum allows a one to two level downward departure from the applicable guideline sentencing range in return for an alien's concession of deportability and agreement to accept a final order of deportation. For the following reasons, the Court **DENIES** the motion.

## DISCUSSION

On June 21, 2011, pursuant to a written plea agreement, Petitioner pled guilty to a single-count information charging him with being a previously deported alien found in the United States in violation of 8 U.S.C. §§ 1326(a) and (b). *See Plea Agreement*, Doc. No. 13. This Court sentenced Petitioner on July 25, 2011, to 13 months and 1 day imprisonment, 3 years of supervised release,

1 and a $100 special assessment. *See Judgment*, Doc. No. 20.

2      Title 28 of the United States Code, section 2255 provides that if a petitioner's motion, file, 3 and records "conclusively show that the movant is entitled to no relief" the Court summarily may 4 dismiss the motion without sending it to the United States Attorney for response. *See* 28 U.S.C. § 5 2255(b). The rules regarding Section 2255 proceedings similarly state that the Court summarily 6 may order dismissal of a 2255 motion without service upon the United States Attorney only "[i]f it 7 plainly appears from the face of the motion, any attached exhibits, and the record of prior 8 proceedings that the moving party is not entitled to relief . . .". Rule 4(a), RULES-SECTION 2255 9 PROCEEDINGS (West 2009).[1] Thus, when a movant fails to state a claim upon which relief can be 10 granted, or when the motion is incredible or patently frivolous, the district court may summarily 11 dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v.* 12 *United States*, 772 F.2d 525, 526 (9th Cir. 1985).

13      A defendant may waive his right to file a § 2255 motion to challenge his sentence, but such a 14 waiver must so expressly. *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000). However, a 15 defendant may not waive an ineffective assistance of counsel claim challenging the knowing and 16 voluntary nature of the plea agreement or the voluntariness of the waiver itself. *United States v.* 17 *Jeronimo*, 398 F.3d 1149, 1156 n. 4 (9th Cir. 2005). Petitioner's plea agreement states in part:

18-20      In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable.

22 *See* Doc. No. 13, p.3. The Ninth Circuit approves of such waivers on public policy grounds, 23 reasoning that finality is "perhaps the most important benefit of plea bargaining." *United States v.* 24 *Navarro-Botello*, 912 F.2d 318, 322 (9th Cir. 1990). Courts will generally enforce a defendant's

---

[1] Similarly, a court deciding a motion under 28 U.S.C. § 2255 is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Mere conclusory statements by the petitioner do not justify a hearing." *Baumann v. United States*, 692 F.2d 565, 571 (1982). Instead, a petitioner must make "specific factual allegations which, if true, would entitle him to relief." *Id.* As discussed below, Petitioner has failed to allege sufficient facts showing a possible right to relief. Therefore, an evidentiary hearing is not warranted in this case.

1  waiver of his right to appeal if: (1) "the language of the waiver encompasses the defendant's right to
2  appeal on the grounds claimed on appeal," and (2) "the waiver is knowingly and voluntarily made."
3  *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998). The Court concludes that both
4  of these requirements are met in this case. Accordingly, Petitioner's motion is barred and must be
5  dismissed because of his plea agreement waiver.
6        Even if Petitioner had not waived his right to attack his conviction and sentence, Petitioner's
7  motion would fail on the merits. Petitioner argues that, as a result of his deportable alien status, he
8  has been unable to participate in programs that would entitle him to early release in violation of the
9  Equal Protection Clause of the Fourteenth Amendment. The Ninth Circuit Court of Appeals rejected
10 this argument in *McLean v. Crabtree*, 173 F.3d 1176 (9th Cir. 1999). There, the court held,
11 "[E]xcluding prisoners with detainers from participating in community-based treatment programs,
12 and consequently from sentence reduction eligibility, is at least rationally related to the BOP's
13 legitimate interest in preventing prisoners from fleeing detainers while participating in community
14 treatment programs." *Id.* at 1176. Additionally, Petitioner's argument that the Court could depart
15 downward because he is a deportable alien is precluded by statute and current Ninth Circuit case
16 law. By statute, the Court may depart downward only if there are "aggravating or mitigating
17 circumstances . . . not adequately taken into consideration by the Sentencing Commission." 18
18 U.S.C. § 3553(b). Specifically, the Ninth Circuit has held that the threat of deportation is not a
19 factor that the district court may consider for sentencing purposes. *United States v.*
20 *Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir. 1990).

### CONCLUSION

22       Based on the foregoing reasons, the Court **DENIES** Petitioner's Motion to Vacate Under 28
23 U.S.C. § 2255 [Doc. No. 21].
24       **IT IS SO ORDERED**.
25 DATED: August 4, 2011

Hon. Michael M. Anello
United States District Judge